**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

DEBORAH TOLLE and JENNIFER AVERHOFF,

        Plaintiffs,

vs.

SAFEGUARD PROPERTIES MANAGEMENT, LLC, a Delaware limited liability company; and LISA DEMPSEY, *dba* Allstate Property Group, and *dba* The People's Document Source, Individually;

        Defendants.[1]

No. 03:13-cv-00570-HU

**FINDINGS & RECOMMENDATION ON MOTION FOR DEFAULT JUDGMENT**

———————————————

D. Michael Dale
Law Offices of D. Michael Dale
P.O. Box 1032
Cornelius, OR 97113

Erin M. Pettigrew
Northwest Workers' Justice Project
812 S.W. Washington, Suite 1100
Portland, OR 97205

    Attorneys for Plaintiffs

HUBEL, Magistrate Judge:

    The plaintiffs Deborah Tolle and Jennifer Averhoff filed this action for unpaid wages and penalties under the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and Oregon wage and hour laws; and also for breach of contract. Dkt. #1. Personal service on the defendant Lisa Dempsey was accomplished on May 13,

---

    [1]The defendant Safeguard Properties Management, LLC has been dismissed from this action with prejudice. Dkt. #20.

1 - FINDINGS & RECOMMENDATION

2013. Dkt. #8. Dempsey failed to move or plead in response to the Complaint, and on June 25, 2013, the court granted the plaintiffs' motion for entry of default against Dempsey. Dkt. #11. The plaintiffs now move for default judgment against Dempsey pursuant to Federal Rule of Civil Procedure 55(b). Dkt. #24. The undersigned submits the following findings and recommended disposition of the motion pursuant to 28 U.S.C. § 636(b)(1)(B).

Rule 55(b) specifies two ways in which a plaintiff can obtain a judgment when the defendant is in default, one involving entry of judgment by the Clerk of Court, and one requiring entry of judgment by the court. The plaintiffs argue they have met the requirements for entry of judgment under both standards.

Under subsection (1), so long as the defendant "is neither a minor nor an incompetent person," the Clerk of Court must enter a default judgment when "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation[.]" Fed. R Civ. P. 55(b)(1). Defendant Dempsey is neither incompetent nor a minor. See Dkt. #26, ¶ 3; Dkt. #27, ¶ 3; Dkt. #28, ¶ 3. The Ninth Circuit has observed that there is a "paucity of federal case law" regarding the "sum certain requirement," concluding "a claim is not a sum certain unless no doubt remains as to the amount to which a plaintiff is entitled as a result of the defendant's default." *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 928-29 (9th Cir. 2004) (adopting the First Circuit's approach in *KPS & Assocs., Inc. v. Designs By FMC, Inc.*, 318 F.3d 1, 19 (1st Cir. 2003)). In *Franchise Holding II*, the court found the sum certain requirement was satisfied where the plaintiff provided the court with "loan documents that set forth the specific

2 - FINDINGS & RECOMMENDATION

formulas for determining the amount owed," and "documents setting forth the various amounts necessary for calculating the total amount due." *Id.*, 375 F.3d at 929. If the "sum certain" of a plaintiff's claim cannot be calculated reasonably by simple computation, and other evidence is required, then the plaintiff must apply to the court for a default judgment pursuant to Rule 55(b)(2).

In the present case, the plaintiffs argue their unpaid wages and statutory damages can be made certain by computation from the evidence they have provided, meeting the requirements for the Clerk of Court to enter a default judgment pursuant to Rule 55(b)(1). Each of the plaintiffs has submitted a declaration setting forth the dates and hours she worked, amounts she was paid, amounts remaining unpaid, and unsuccessful efforts to collect the unpaid amounts from Dempsey. Dkt. ##27 & 28. The plaintiffs' attorney Erin Pettigrew has submitted a declaration setting forth the step-by-step process she employed to determine the amounts owed each of the plaintiffs representing unpaid minimum wages under Oregon law, liquidated damages under the FLSA, and statutory penalties under Oregon law. Dkt. #26; *see* Dkt. #25, p. 16. Because calculation of the plaintiffs' damages involved an estimation of travel times between the homes the plaintiffs inspected, *see* Dkt. #26, ¶¶ 5 & 7, the court finds the plaintiffs' claim does not meet the requirements for a "sum that can be made certain by computation"; rather, the court must consider additional evidence, provided by the plaintiffs in their declarations, in order to determine whether the plaintiffs' damages have been calculated accurately. As a result,

3  -  FINDINGS & RECOMMENDATION

the court will consider the plaintiffs' motion for default judgment pursuant to Rule 55(b)(2).

The first category of damages the plaintiffs seek to recover is unpaid wages and civil penalties under ORS § 653.055, which provides, *inter alia*, that "[a]ny employer who pays an employee less than the wages to which the employee is entitled under [Oregon's minimum wage statutes] is liable to the employee affected: (a) [f]or the full amount of the wages, less any amount actually paid to the employee by the employer; and (b) [f]or civil penalties provided in ORS 652.150." ORS § 653.055(1).

To establish the number of hours worked, the plaintiff Jennifer Averhoff indicates she used her own vehicle to travel between the various homes she inspected. At the start of each day, she entered the addresses of the properties she was going to visit into "a mapping system," and at the end of each day, she uploaded a report for each inspection, including photographs and a narrative. She maintained a spreadsheet that included order numbers for each job, "the value Ms. Dempsey had assigned that particular inspection," and the money she actually was paid for each inspection. Dkt. #28, ¶¶ 6-8. Ms. Tolle employed a similar method of documenting the jobs she performed, distances traveled, and amounts she was paid. Dkt. #27, ¶¶ 6-9.

In Ms. Pettigrew's declaration, she explains the method she used to estimate each plaintiffs' travel time for each day of work, based on the plaintiffs' detailed records. She also allotted a conservative twenty minutes for the completion of each home inspection. Dkt. #26, ¶¶ 5 & 7. Multiplying each plaintiff's total hours worked by the Oregon minimum wage, and then deducting amounts

4 - FINDINGS & RECOMMENDATION

already paid in connection with the dismissal of the defendant Safeguard Properties Management, LLC, Ms. Pettigrew's calculations indicate the plaintiff Deborah Tolle is entitled to unpaid Oregon minimum wages of $325.32, and the plaintiff Jennifer Averhoff is entitled to unpaid Oregon minimum wages of $743.96. The court finds the method Ms. Pettigrew employed to calculate the plaintiffs' unpaid minimum wages under Oregon law was reasonable, and the amounts owed to the plaintiffs representing unpaid Oregon minimum wages are accurate and should be awarded.

With regard to the civil penalty for failure to pay the plaintiffs minimum wages to which they were entitled, ORS § 653.055 specifies that the civil penalty is calculated as "provided in ORS 652.150." ORS § 653.055(b). ORS § 652.150 provides that an employer who "willfully fails" to make timely payment of all wages due when an employee's employment ceases, as required by ORS § 652.140, is subject to a penalty equal to the employee's wage rate times eight hours per day for the number of days the wages remain unpaid, up to a maximum of thirty days. The "willful" requirement in the statute does not contain a malice component; "it merely indicates that the act or omission was purposeful and not the product of inadvertence." *Young v. Oregon*, 340 Or. 401, 409, 133 P.3d 915, 919 (2006). The evidence in the present case indicates Dempsey's failure to pay the plaintiffs' final wages was not the product of inadvertence. She received notice, before and after this lawsuit was filed, that she had failed to pay the plaintiffs' final wages, but she still failed to pay the wages the plaintiffs were due. *See* Dkt. #1, ¶¶ 23-26; Dkt. #27, ¶¶ 13-14; Dkt. #28, ¶¶ 14-15. The court finds Dempsey "willfully" failed to pay the

5 - FINDINGS & RECOMMENDATION

plaintiffs' wages upon termination as required by ORS § 652.140. Because the plaintiffs' final wages remained unpaid for longer than thirty days, the plaintiffs' statutory penalty is limited to thirty days of work (240 hours) times the Oregon minimum wage of $8.80; i.e., $2,112.00. *See* Dkt. #26, ¶ 9; *see generally* Dkt. #25, pp. 11-13. The court finds each plaintiff is entitled to a penalty under ORS § 651.150 in the amount of $2,112.00, for Dempsey's failure to pay the wages the plaintiffs were due when they ceased their employment.

Returning to Dempsey's failure to pay the plaintiffs the minimum wages to which they were entitled, the plaintiffs argue they are entitled to a second penalty of $2,112.00, citing ORS §§ 653.055(b) and 652.150. The plaintiffs assert that awarding two penalties - one for Dempsey's failure to pay wages upon termination, and the other for her failure to pay minimum wages - "is consistent with the object of punishing employers who violate Oregon's wage and hour laws in multiple ways." Dkt. #25, p. 11; *see id.*, pp. 11-13 (citing state and federal cases in support). "[T]he failure to pay a minimum wage is a separate violation from the failure to promptly pay wages upon termination, entitling plaintiff[s] to recovery penalties for both violations." *Castro-Vega v. Waible*, 2007 WL 4885440, at *4 (D. Or. Nov. 7, 2007) (Stewart, MJ), *Findings & Recommendation, adopted in relevant part*, 2008 WL 342754 (D. Or. Feb. 5, 2008) (Haggerty, J); *see also Davis v. Maxima Integrated Prods.*, 57 F. Supp. 2d 1056, 1059 (D. Or. 1999) (Jones, J) ("penalties for failure to pay back wages and penalties for failure to pay overtime seek to remedy two distinct wrongs, thus justifying the imposition of one penalty for each

6   - FINDINGS & RECOMMENDATION

violation"). Here, Dempsey violated Oregon's wage and hour laws in two distinct ways: failure to pay the statutory minimum wage, and failure to pay wages due upon termination of employment. Accordingly, the court finds the plaintiffs are entitled to recover a separate penalty of $2,112.00 each for Dempsey's failure to pay their final wages when due, pursuant to ORS §§ 652.140 and 652.150.

The plaintiffs also are entitled to recover liquidated damages under the Fair Labor Standards Act. The Act requires an employer to pay employees of "an enterprise engaged in commerce" a minimum of $7.25 an hour. 29 U.S.C. § 206(a)(1)(C). An employer who fails to pay wages due under the Act is liable for the amount of the unpaid wages, as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Ms. Pettigrew's calculations indicate that after deducting amounts already paid, the plaintiff Deborah Tolle is entitled to recover $156.53 in FLSA liquidated damages, and the plaintiff Jennifer Averhoff is entitled to recover $87.70 in FLSA liquidated damages. Dkt. #26, ¶¶ 6 & 8. The court finds Ms. Pettigrew's calculations are reasonable and accurate, and the plaintiffs should be awarded damages under FLSA in those amounts.

The plaintiffs further argue they are entitled to a penalty under ORS § 652.615, for Dempsey's violation of ORS § 652.610(3), which prohibits an employer from making deductions from an employee's wages that are neither authorized in writing by the employee, nor required by law. ORS § 652.615 provides for a private right of action against an employer who makes such unauthorized deductions, "for actual damages or $200, whichever is greater," as well as attorney's fees and costs. ORS § 652.615.

7 - FINDINGS & RECOMMENDATION

Here, each plaintiff's actual damages are less than the statutory minimum of $200. Dkt. #26, ¶ 11. Accordingly, each plaintiff is entitled to statutory damages in the amount of $200.00, pursuant to ORS § 652.615.

In summary, the undersigned recommends default judgment be entered as follows:

A. In favor of the plaintiff Deborah Tolle, and against the defendant Lisa Dempsey, in the total sum of **$4,905.85,** representing $325.32 in unpaid Oregon minimum wages; a civil penalty of $2,112.00 for the minimum wage violation; $156.53 in FLSA liquidated damages; a civil penalty of $2,112.00 for failure to pay wages on termination of employment; and a civil penalty of $200 for unauthorized deductions from wages.

B. In favor of the plaintiff Jennifer Averhoff, and against the defendant Lisa Dempsey, in the total sum of **$5,255.66,** representing $743.96 in unpaid Oregon minimum wages; a civil penalty of $2,112.00 for the minimum wage violation; $87.70 in FLSA liquidated damages; a civil penalty of $2,112.00 for failure to pay wages on termination of employment; and a civil penalty of $200 for unauthorized deductions from wages.

### *SCHEDULING ORDER*

These Findings and Recommendation will be referred to a district judge. Objections, if any, are due by **December 10, 2013.** If no objections are filed, then the Findings and Recommendation will go under advisement on that date. If objections are filed, then any response is due by **December 27, 2013.** By the earlier of

8 - FINDINGS & RECOMMENDATION

1 the response due date or the date a response is filed, the Findings
2 and Recommendations will go under advisement.
3     IT IS SO ORDERED.
4                           Dated this 22nd day of November, 2013.
5
6                           /s/ Dennis J. Hubel
7                           _____
                            Dennis James Hubel
8                           Unites States Magistrate Judge

9  - FINDINGS & RECOMMENDATION